1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  ROBIN GONZALEZ,                    No. 2:13–CV–01368–KJM–AC

12              Plaintiff,

13       v.                            ORDER

14  COUNTY OF YOLO; EDWARD G.
    PRIETO, an individual; and DOES 1
15  through 50, inclusive,

16              Defendants.

17
                    This matter is before the court on the motion by defendants County of Yolo and
18
    Edward Prieto ("defendants") to strike plaintiff Robin Gonzalez's August 29, 2014 declaration
19
    and motion for summary judgment.  Def.'s Mot. Summ. J., ECF No. 19.  Plaintiff opposes both
20
    motions.  ECF Nos. 21, 26.  The court heard argument on the motions on September 26, 2014,
21
    with Manolo Olaso appearing on behalf of plaintiff and Cori Sarno appearing on behalf of
22
    defendants.  The court DENIES defendants' motion for summary judgment and motion to strike
23
    without prejudice.[1]
24

25  _____
    [1]  The court previously ordered the parties to include a certification with any motion that all meet
26  and confer options had been exhausted prior to filing any motion in this case.  ECF No. 18 at 4.
    Defendants did not comply with this instruction with respect to either of the motions now before
27  the court.  The court will not entertain motions in the future unless the certification requirement is
    met.
28
                                        1

1    As a preliminary matter, the court grants defendants' request for judicial notice of

2    documents from plaintiff's bankruptcy court case and other administrative proceedings.  Fed. R.

3    Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take

4    judicial notice of undisputed matters of public record, including documents on file in federal or

5    state courts.") (internal quotations omitted).

6    I.      PROCEDURAL BACKGROUND

7    On July 9, 2013, plaintiff filed a complaint in this court alleging sexual harassment

8    and discrimination in the workplace.  Compl., ECF No. 1.  Prior to filing her complaint, plaintiff

9    submitted a tort claim to Yolo County on November 5, 2012 outlining her sexual harassment

10   claims against defendant Prieto.  Defs.' Req. for Judicial Notice Ex. 7 at 6, ECF No. 19-3.

11   Plaintiff filed a sexual harassment complaint with the Equal Opportunity Employment

12   Commission and the California Department of Fair Labor and Employment on January 14, 2013.

13   Gonzalez Decl. ¶ 8, ECF No. 21-5.  Plaintiff also filed a worker's compensation claim for stress

14   related to sexual harassment on February 23, 2013.  *Id.*  All of plaintiff's claims arise from

15   defendant Prieto's alleged sexual harassment and conduct over a period of ten years from when

16   plaintiff first applied for a job with the Yolo County Sheriff's Department until November 27,

17   2012.  ECF No. 21 at 2.

18   Approximately three and a half years prior to filing her first claim with Yolo

19   County in 2012, plaintiff filed for bankruptcy on April 8, 2009.  Gonzalez Decl. ¶ 3.  Plaintiff did

20   not include any claim against defendants as a contingent or unliquidated claim in her schedule of

21   assets.  Gonzalez Decl. ¶ 9.  The bankruptcy court entered an order discharging plaintiff's debt

22   on July 28, 2014.  Defs.' Req. for Judicial Notice Ex. 6 at 1, ECF No. 19-3.

23   Because plaintiff failed to include her claim against defendants on her list of

24   assets, defendants filed a motion for summary judgment based on judicial estoppel on August 13,

25   2014.  ECF No. 19.  Plaintiff subsequently reopened her bankruptcy case and filed an amended

26   schedule including this pending claim.  Gonzalez Decl. ¶ 11.  Plaintiff filed her opposition to the

27   motion for summary judgment on August 29, 2014.  ECF No. 21.

28

1    Defendants replied to plaintiff's opposition on September 5, 2014, and also filed a

2    motion to strike plaintiff's declaration.  ECF Nos. 22-1, 22.  Defendants sought to strike

3    plaintiff's declaration as based on a subject that plaintiff previously claimed was protected by the

4    attorney-client privilege.  ECF No. 22 at 4.  Defendants further contended that plaintiff's

5    declaration expressly contradicts her deposition and should be stricken as well under the sham

6    affidavit doctrine.  *Id.*  As allowed by the court, plaintiff filed a surreply to the motion to strike on

7    September 19, 2014.  ECF No. 26.

8    II.    DISCUSSION

9    Defendant asserts that plaintiff should be estopped from bringing her sexual

10   harassment claim because she omitted the claim from her bankruptcy filing.  ECF No. 19-1 at 3–

11   4.  Plaintiff counters that the omission was an honest mistake and judicial estoppel does not

12   apply.  ECF No. 21 at 9–10.

13   Generally in the bankruptcy context, if the plaintiff omits a pending lawsuit from

14   the bankruptcy schedule, judicial estoppel bars the action.  *Ah Quin v. County of Kauai Dept. of*

15   *Transp.*, 733 F.3d 267, 271 (9th Cir. 2013).  Judicial estoppel is an equitable doctrine invoked at

16   the court's discretion.  *Id.* at 270.  The Ninth Circuit considers three factors in determining

17   whether to apply judicial estoppel.  *Id.*  First, a party's later position must be clearly inconsistent

18   with its earlier position.  *Id.*  Second, a party must have induced a court to accept its earlier

19   position.  *Id.*  Third, a party must have derived an unfair advantage or imposed an unfair

20   detriment on the party seeking estoppel.  *Id.*  However, judicial estoppel does not apply if the

21   court finds the omission was an inadvertent mistake.  *Id.* at 276.

22   Here, the application of judicial estoppel appears to depend on resolution of the

23   factual question of how much plaintiff's bankruptcy attorney assisted plaintiff with the 2009

24   bankruptcy forms.  This information will assist the court in determining whether the inadvertent

25   mistake exception to judicial estoppel applies.

26   The parties dispute the extent of assistance that plaintiff's bankruptcy attorney

27   provided in filling out the necessary forms.  A brief colloquy at deposition and plaintiff's

28   declaration appear to be in tension.  ECF No. 22 at 4 (stating that plaintiff's deposition indicates

1    plaintiff filled out her bankruptcy forms herself and had a good understanding of them); *but see*

2    Gonzalez Decl. ¶ 4 ("The attorney filled out the documents . . . . I reviewed the documents [and]

3    signed the schedules . . . ."). When asked about the conversations with her bankruptcy attorney

4    regarding the forms, plaintiff asserted her attorney-client privilege and did not answer the

5    question; defendant did not press plaintiff or her counsel for clarification. Gonzalez Dep. at

6    139:5–8, ECF No. 19-2. There is scant evidence available to answer the critical question here.

7            Plaintiff has offered to waive the attorney-client privilege with respect to her

8    discussions with her bankruptcy attorney regarding her bankruptcy filings. ECF No. 26 at 3. The

9    scope of the attorney-client privilege is grounded in principles of fairness, *Bittaker v. Woodford*,

10   331 F.3d 715, 719 (9th Cir. 2003), and in light of plaintiff's offer to waive the privilege, the court

11   will allow further discovery for the narrow purpose of exploring the extent to which plaintiff's

12   bankruptcy attorney assisted plaintiff in filling out her bankruptcy forms. The discovery is

13   limited to deposition questions of plaintiff and her attorney, with advance deposition subpoenas

14   of documents.

15   III.    CONCLUSION

16           Defendants are permitted to further depose plaintiff for up to two hours and are

17   also permitted to depose plaintiff's bankruptcy attorney for up to four hours.

18           If this additional discovery cannot be completed by the current discovery deadline

19   of October 27, 2014, the parties should inform the court and the court will consider an extension.

20           Defendants' motion to strike and for summary judgment is denied without

21   prejudice.

22           IT IS SO ORDERED.

23   DATED: October 9, 2014.

24

25   _____
     UNITED STATES DISTRICT JUDGE

26

27

28

                                    4