UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GONZALEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF YOLO; EDWARD G. PRIETO, an individual; and DOES 1 through 50, inclusive,<br><br>  Defendants. | No. 2:13–CV–01368–KJM–AC<br><br>ORDER |

This matter is before the court on plaintiff Robin Gonzalez's ("plaintiff") motion to modify the court's January 31, 2014 scheduling order by extending the discovery deadline. Pl.'s Mot. to Modify Scheduling Order ("Motion"), ECF No. 29. Defendants County of Yolo and Edward Prieto ("defendants") oppose the motion. Def.'s Opp'n to Motion, ECF No. 32. The motion was submitted without argument, and the court now DENIES the motion

I.  PROCEDURAL BACKGROUND

The alleged facts of the case are discussed in more detail in the court's October 9, 2014 order denying defendants' motion for summary judgment and motion to strike. ECF No. 28. The court briefly reviews the relevant facts and procedural history below.

/////

/////

1       On January 31, 2014, the court issued a pretrial scheduling order setting a discovery cut-off date of October 27, 2014; a dispositive motion cut-off date of February 13, 2015; and trial for June 15, 2015, among other things. Pretrial Scheduling Order, ECF No. 18. Nothing in the record shows that plaintiff conducted any depositions until October 2014. On October 20, she deposed defendant Prieto, and on October 22, she deposed Yolo County Human Resources Director Mindi Nunes. Decl. of Cori Sarno ¶¶ 9, 13, ECF 32-1.

During his deposition, defendant Prieto refused to answer several questions about an alleged extramarital affair and a grand jury report critical of Prieto's management style. Decl. of Manolo Olaso ¶¶ 6–7, ECF No. 29-2. Defendant objected to the questions based on his constitutional right to privacy and attorney client privilege. *Id.* With just over one business day before the discovery deadline, in the afternoon on Thursday, October 23, 2014, plaintiff asked defendant to stipulate to an extension of the discovery deadline so plaintiff could comply with the requirements detailed in the pretrial scheduling order. Sarno Decl. Ex. K, ECF No. 32-2. Defendants replied with a request for authority for plaintiff's position she could ask the questions about the extramarital affair and grand jury report. *Id.*

On October 24, plaintiff filed the instant motion to extend the discovery deadline, explaining she needs the additional time in order to comply with the requirements of Local Rule 251 by meeting and conferring on the motion with defendant, drafting and submitting a joint statement about the discovery dispute, and providing twenty-one-day notice for a motion to compel if necessary. ECF No. 29. Defendants opposed the motion, ECF No. 32, and plaintiff has filed a reply. ECF No. 33.

II.     STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the pretrial schedule if, despite its diligence, the party seeking the extension cannot reasonably meet the schedule. *Id*. (quoting Fed.

R. Civ. P. 16 advisory committee's notes (1983 amendment)). A movant may establish good cause to modify a scheduling order by showing:

> (1) that [it was] diligent in assisting the Court in creating a workable Rule 16 order; (2) that, despite [its] diligent efforts to comply, [its] noncompliance with a Rule 16 deadline occurred because of the development of matters that could not have been reasonably foreseen or anticipated; and (3) that [it was] diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order.

*U.S. E.E.O.C. v. Placer ARC*, No. 2:13-CV-0577, 2014 WL 5419879, at *2 (E.D. Cal. Oct. 22, 2014). *See also Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)); *Weco Supply Co. v. Sherwin–Williams Co.*, No. 1:10-CV-00171, 2012 WL 1424437, at *3 (E.D. Cal. Apr. 24, 2012).

If a party was not diligent, the inquiry should end and a motion for modification should be denied. *Zivkovic v. Southern California Edison Company*, 302 F.3d 1080, 1087 (9th Cir. 2002). As the court's fundamental focus is diligence, prejudice to the opposing party is relevant only to the extent it may serve as an additional reason for denying the modification request. *Van Scoy v. New Albertson's Inc.*, No. 2:08-CV-02237, 2011 WL 1079914, at *4 n.5 (E.D. Cal. Mar. 21, 2011) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)).

III.   ANALYSIS

Plaintiff cannot satisfy the "good cause" requirement because she cannot show her failure to complete discovery by October 27 resulted from developments she could not have foreseen nor anticipated. In April, plaintiff requested to take defendant Prieto's deposition on July 10, but on July 7, she cancelled the deposition and rescheduled it for September 11. Sarno Decl. ¶¶ 8–9, ECF No. 32-1.

On September 10, plaintiff again canceled defendant Prieto's deposition and rescheduled it for October. *Id.* ¶ 10. Plaintiff thus waited over eight months after the court's scheduling order issued to conduct the deposition of defendant Prieto. *Id.* ¶ 13. Plaintiff does not

explain her failure to take the deposition before October or why she twice delayed it.  Motion at 3, ECF No. 29.

The court's scheduling order required all discovery to have been "conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed."  Pretrial Scheduling Order at 2, ECF No. 18.  Plaintiff waited until a week before the discovery deadline to take defendant Prieto's deposition, leaving no time at all for any dispute to be resolved or the court to issue an order, even though it is generally reasonably foreseeable that a dispute over questions in a deposition may arise.

After eight months and no explanation for the delays, plaintiff cannot satisfy the diligence requirement by attempting to complete defendant Prieto's deposition so close to the discovery cutoff.  Whether because of carelessness or strategy, plaintiff's failure to complete the deposition in a timely manner cannot support a claim of prejudice to her.  *Boarman v. Cnty. of Sacramento*, ___ F.Supp.3d ___, 2014 WL 5363765, at *2 (E.D. Cal. Oct. 21, 2014).  It is of no consequence that defendants may not be prejudiced by the extension because plaintiff has not satisfied her burden of showing diligence.  *Van Scoy*, 2011 WL 1079914, at *4 n.5.  Accordingly, because plaintiff was not diligent in conducting discovery, the court denies plaintiff's motion to modify the scheduling order.

IV.      CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion to extend the discovery deadline.

IT IS SO ORDERED.

Dated:  December 16, 2014.

_____
UNITED STATES DISTRICT JUDGE